LING TAO JIANG, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 06–4938–ag.

United States Court of Appeals,
Second Circuit.

July 10, 2007.

Gary J. Yerman, New York, NY, for
Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, R. Randolph Neeley, Assistant United States Attorney, Montgomery, AL, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Ling Tao Jiang, a citizen of the People's Republic of China, seeks review of an October 4, 2006, order of the BIA denying his motion to reopen his removal proceedings. *In re Ling Tao Jiang*, No. A77 957 710 (B.I.A. Oct. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the entry of the final decision in the underlying proceeding. Claims of ineffective assistance of counsel may provide a sufficient basis for equitable tolling of the 90–day period if the movant shows that his

650

due process rights were violated by the conduct of counsel, and that he exercised "due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006); *Iavorski v. U.S.I.N.S.,* 232 F.3d 124, 134–35 (2d Cir.2000).

Here, there is no dispute that Jiang's May 2006 motion was untimely because the BIA issued its decision finalizing the IJ's order of removal in March 2003. However, Jiang argues that the BIA erred in declining to reopen his case because he was prejudiced by his prior counsel's ineffective assistance, and he acted with due diligence as soon as he learned the reason for the BIA's initial dismissal of his appeal.

The BIA did not abuse its discretion in denying Jiang's motion, as Jiang failed to specify how he exercised due diligence during the period he sought to be tolled, i.e., from March 2003 to May 2006. The BIA found that "[Jiang's] allegations are extremely vague with respect to when he learned that his appeal was dismissed and what, if any, reason Mr. Day provided him for its dismissal." Indeed, Jiang's affidavit did not specify when he learned that the BIA denied his appeal, nor did he indicate when he learned of his prior counsel's ineffective assistance, asserting only that he was unaware of it "until recently," when he retained his current counsel. Jiang has thus failed to establish what steps he took to pursue his case, to prepare his motion to reopen, or any other facts to support his claim that he acted with the due diligence required for him to prevail on his motion. Therefore, the BIA properly denied his motion to reopen. *See Iavorski,* 232 F.3d at 135; *see also Cekic v. I.N.S.,* 435 F.3d 167, 170 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tion for a stay of removal in this petition is DISMISSED as moot.